UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| VINCENT LEE ROBINSON, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Civil No. 9-267-B-W |
| | ) |
| DENNIS MCNAMARA, et al., | ) |
| | ) |
| Defendants | ) |

ORDER GRANTING LEAVE TO PROCEED
*IN FORMA PAUPERIS*

Plaintiff, an inmate at the Penobscot County Jail, Bangor, Maine, seeks leave to proceed *in forma pauperis*. The Application to proceed *in forma pauperis* has been completed and is accompanied by a Certificate signed by an authorized individual from the Institution. The Certificate evidences that the applicant has $1.97 in his account as of June 19, 2009; that over the last six months the average deposits have been $23.13 and the average monthly balance has been $6.09.

The application is GRANTED, however, pursuant to 28 U.S.C. section 1915(b)(1), Plaintiff is required to pay the entire filing fee in this matter as funds become available. An initial partial filing fee is hereby ASSESSED in the amount of $4.62. In the event Plaintiff elects to proceed with this matter and so notifies the Court, the initial partial filing fee shall be forwarded by the institution as soon as funds are available. Subsequent payments **of twenty percent (20%) of Plaintiff's prior monthly income** shall be forwarded directly **by the institution** each time the amount in the inmate's account exceeds $10.00 until such time as the entire filing fee of $350.00 has been paid. Plaintiff is advised that, in the event he is released

from incarceration prior to the filing fee of $350.00 being paid in full, he is still required to pay the entire filing fee, absent further order of the court relieving him of the obligation.

In addition, Plaintiff is hereby on notice that the Court may dismiss this action if it:

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b). If the Court does dismiss the action under this section, Plaintiff will still be required to pay the filing fee in full.

Further, Plaintiff is hereby on notice that a prisoner with three in forma pauperis actions dismissed under section 1915(e) may not thereafter, absent "imminent danger of serious physical injury," file a new action without prepayment of the entire filing fee. 28 U.S.C. § 1915(g).

Before Robinson decides whether or not to incur the expense of this suit, I caution him that his complaint is susceptible to summary dismissal for failure to state a claim. See 28 U.S.C. § 1915(e)(2)(B); Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009). Robinson is suing three social workers concerning advice that one of the three, Jim Moses, gave him about his ability to contact his daughter under the terms of his supervised release. He describes as faulty the contract that he made for sex offender group therapy with Counseling and Psychotherapy Center, Inc., Needham, MA. In addition to seeking damages, Robinson wants the court to order his immediate release from confinement. To the extent that he is claiming that his probation revocation was improper, this relief is barred by Heck v. Humphrey, 512 U.S. 477, 487 (1994). See Cobb v. Florida, 293 Fed.Appx. 708, 708-709, 2008 WL 4165223, 1 (11th Cir. Sept. 11, 2008); Thigpen v. McDonnell, 273 Fed.Appx. 271, 273, 2008 WL 1711097, 2 (4th Cir. Apr. 11, 2008). Furthermore, there is a real question on the complaint as pled that these three defendants

would be considered state actors for purposes of obtaining 42 U.S.C. 1983 relief.  See American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999). To the extent that Robinson intends to invoke this Court's diversity jurisdiction on a theory that there was a breach of contract, the only allegation of the complaint that sets forth an operative allegation on such a theory does not state a plausible breach of contract claim.  It states that his sex offender contract included a 'no contact rule' and alleges that some identified person told him that he could have contact with his daughter because she was not his victim.  (Compl. ¶5.)

Now therefore, Plaintiff shall notify the Court no later than July 28, 2009, whether he intends to incur the cost of the filing fee and proceed with this action, or whether he intends to forego this litigation at this time.  If Plaintiff elects to proceed, the written notification shall clearly indicate that Plaintiff understands his obligation to pay the full $350 filing fee as funds are available, and that he nevertheless wishes to proceed with the action.  Failure to fully comply with this Order will result in the issuance of a recommendation to dismiss the Complaint.  A copy of this Order shall be forwarded to the Business Office of Penobscot County Jail, Bangor, Maine, *following* Plaintiff's **indication to the Court that he intends to go forward with this matter and incur the $350.00 cost of suit.**

SO ORDERED.

July 7, 2009                                             /s/ Margaret J. Kravchuk
                                                         U.S. Magistrate Judge