UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| VINCENT LEE ROBINSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 9-267-B-W |
| | ) |
| DENNIS MCNAMARA, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDED DECISION**

Vincent Robinson has filed suit against three licensed clinical social workers employed by The Counseling and Psychotherapy Center, Inc., of Needham, Massachusetts, claiming that they undertook to provide him with sex offender group therapy pursuant to a "faulty contract." (Statement of Claim ¶ 22, Doc. No. 1.) Robinson is seeking monetary damages in the amount of $500,000.00 and he also is requesting injunctive relief in the form of release from incarceration. Robinson lists his address as the Penobscot County Jail and he claims his current incarceration is illegal and violates his constitutional rights. Robinson has not sued his current custodian nor has he named any state official as a defendant in this action. Pursuant to 28 U.S.C. § 1915 (e)(2)(B)(i-ii), even if the named defendants are not state employees, this Court shall dismiss any *pro se*, *in forma pauperis* petition which is frivolous or fails to state a claim for which relief may be granted. I now recommend that the Court dismiss this claim both because it is frivolous and it fails to state a claim for which relief may be granted.

**The Material Allegations**

On July 28, 2008, Robinson was released from the Maine State Prison after having served eleven years for a 1997 sexual assault conviction. (Statement of Claim ¶ 1.) Following his release Robinson moved to Waterville, Maine, and was assigned a probation officer named Jeff Furlong.

Furlong arranged for him to begin sex offender group therapy through The Counseling and Psychotherapy Center, Inc., "out of" Needham, Massachusetts.[1] (Id., ¶ 2.) In August of 2008 Robinson met with Jim Moses, one of the named defendants, at the probation and parole office, presumably in Waterville, Maine. (Id., ¶ 3.) Moses and Robinson reviewed the rules and treatment responsibilities of the "agreement contract." (Id.,¶ 4.) Although the contract included a "no contact rule," someone informed Robinson that since his seventeen year old daughter was not the victim of his criminal conduct, contacting her would not present any problems. (Id., ¶ 5.)

In December of 2008 Robinson contacted his daughter. (Id., ¶ 6.) Three days later his probation officer, Furlong, arrested him and charged him with violating his probation by: (1) failing to refrain from contact with children under the age of 18; (2) committing new criminal conduct (escape); and (3) failing to participate in sex offender treatment. (Id., ¶ 8.) On December 10, 2008, the day following his arrest, Moses sent Furlong a letter informing him that Robinson's phone call to his daughter was a failure to comply with his treatment contract. (Id., ¶ 14.) Following upon the heels of that arrest, in January 2009 Robinson filed a complaint with Dennis McNamara, the executive director of the center and then in February 2009 he filed a second complaint with Barry Anechiarico, who is also identified as the executive director of the center. He never received a response to either of his complaints. (Id., ¶¶ 9-12.)

Robinson has a copy of the "contract" in his possession. (Id., ¶ 13.) It is not attached to the complaint. Robinson's complaint arises from what he has termed a "faulty contract."

## Discussion

In addition to seeking damages, Robinson wants the court to order his immediate release from confinement. To the extent he is claiming that his probation revocation was improper, this relief is barred by Heck v. Humphrey, 512 U.S. 477, 487 (1994). See Cobb v. Florida, 293 Fed.

---

[1]    Robinson does not allege where the group therapy took place. I infer from the allegations of the complaint that the therapy was based in Waterville, the counselor was in Waterville, and the corporation is a Massachusetts entity that does business in Maine and has some sort of service provider contract with the State of Maine.

Appx. 708, 708-709 (11th Cir. 2008) (unpublished opinion); Thigpen v. McDonnell, 273 Fed. Appx. 271, 273 (4th Cir. 2008) (unpublished opinion).  Robinson cannot receive monetary damages for an improper probation revocation unless the state court sets the revocation aside and releases him.  Nor can this court order his immediate release from custody.  Robinson would have to first exhaust all of his available state court remedies and would have to bring an action in this court pursuant to 28 U.S.C. § 2254, naming his custodian as the defendant.  This action cannot secure the relief he seeks and so much of the claim as seeks immediate relief should be dismissed as frivolous.  See 28 U.S.C. § 1915(e)(2)(B).  The balance of the claim should be dismissed for failure to state a claim.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

      The allegations against McNamara and Anechiarico are frivolous in the extreme.  Both men are identified as the executive director of the counseling agency and neither man is alleged to have done anything other than fail to respond to Robinson's complaint about Moses and the "faulty contract."  Failing to respond to a prisoner's complaint in this sort of situation is not actionable.  At the time Robinson alleges he complained to these defendants, he had already been arrested for the probation violation and was no longer participating in any counseling relationship with the agency.  Neither man is alleged to have had anything to do with forming or enforcing the "contract."  Assuming that one or both of the men was the executive director of the counseling agency at the time the contract came into existence, there are no allegations suggestive of their involvement in that process.  The person from the counseling center with whom Robinson alleges he had contact was Jim Moses.  McNamara and Anechiarico cannot be sued for a "faulty contract" to which they were not parties.

      To the extent that Robinson intends to invoke this Court's diversity jurisdiction on a theory that there was a breach of contract between him and Moses, an employee of a Massachusetts business, the only allegation of the complaint that sets forth an operative allegation on such a theory does not state a plausible breach of contract claim.  It states that his sex offender contract included a

3

"no contact rule" and alleges that some unidentified person told him that he could have contact with his daughter because she was not the victim of his offense. If it is Robinson's intent to suggest that Moses was a state actor and somehow violated his federal constitutional rights, the complaint simply fails to even come close to stating any such claim.

## Conclusion

Based upon the foregoing, I recommend that the Court summarily dismiss this complaint because it is frivolous and fails to state a claim.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

July 30, 2009